UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SATISH EMRIT, | Case No. 2:14-CV-1502 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL INSTITUTES OF HEALTH, et al., | |
| Defendant(s). | |

Presently before the court are seven motions filed by *pro se* plaintiff Ronald Satish Emrit. Plaintiff filed motions to proceed *in forma pauperis* (doc. # 2), for preliminary injunction (doc. #3), for declaratory judgment (doc. # 6), for summary judgment (doc. # 7), for default judgment (doc. # 8), and in limine (doc. # 11). Defendants National Institutes of Health ("NIH"), Center for Disease Control ("CDC"), Food and Drug Administration ("FDA"), and U.S. Department of Health and Human Services ("DHHS") have not filed responses to any of plaintiff's motions.

Also before the court are Magistrate Judge Ferenbach's report and recommendation regarding plaintiff's motion to proceed *in forma pauperis*. (Doc. # 3). The magistrate judge recommends that plaintiff's application to proceed *in forma pauperis* be denied. (Doc. # 3). Plaintiff filed an objection. (Doc. # 4). Defendants did not file any objections or responses and the deadline to do so has passed.

**I.     Background**

Plaintiff, a graduate of St. Thomas University School of Law, was diagnosed with hepatitis C in 2004. (Doc. # 1). The diagnosing doctor informed plaintiff that his hepatitis C could be cured with a six-month treatment of interferon and ribavirin. (Doc. # 1). From 2004

**James C. Mahan**
**U.S. District Judge**

1  through present day, plaintiff has "consistently asked [defendants] to help him with regards to
2  getting this six-month treatment." (Doc. # 1). Defendants did not. (*Id.*). On September 15,
3  2014, plaintiff initiated the instant action seeking $40,000,000. (*Id.*).

4  Plaintiff's complaint repeats essentially verbatim the same one paragraph. (Doc. # 1).
5  Plaintiff states essentially that, because defendants failed to refer him to a gastroenterologist,
6  hepatologist, and/or health management organization, the defendants have placed the plaintiff at
7  a "higher risk of dying young from Hepatitis C, cirrhosis, liver cancer, and/or liver failure."
8  (Doc. # 1).

9  Because defendants failed to assist plaintiff with getting treatment for his hepatitis C,
10 plaintiff asserts defendants violated the Americans with Disabilities Act of 1990 ("ADA"), Title
11 VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Affordable Care Act ("ACA"), and
12 the Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. # 1). Plaintiff
13 further asserts that defendants have violated state causes of action of negligence, material breach
14 of contract, and intentional infliction of emotional distress. (Doc. # 1).

15 **II.   Discussion**

16 As an initial matter, the court recognizes that the plaintiff is appearing *pro se* and must
17 therefore be held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A
18 document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully
19 pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")
20 (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case
21 should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*,
22 790 F.2d 1362, 1364 (9th Cir.1986).

23 The court notes that plaintiff alleges to be a graduate of St. Thomas University School of
24 Law. Plaintiff does not, however, allege to be admitted to practice in any state.

25 . . .
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

A. *Plaintiff's motion to proceed in forma pauperis (doc. # 2) and Magistrate Judge Ferenbach's report and recommendation (doc. # 3)*

On October 1, 2014, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. # 2). Magistrate Judge Ferenbach filed a report and recommendation that plaintiff's application to proceed *in forma pauperis* be denied. (Doc. # 3). The court considers whether plaintiff's motion to proceed *in forma pauperis* should be granted.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1914(a), a $400.00 filing fee is required to commence a civil action in federal court. The court may authorize an action to begin without prepayment of fees and costs by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefore." Determining whether a plaintiff is unable to pay, and therefore permitted to proceed *in forma pauperis*, is within the discretion of the presiding judge, based on the information submitted by the plaintiff. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. App'x 157 (2nd Cir. 2002).

Plaintiff notes in his application to proceed *in forma pauperis* that he drives a Mercedes Benz C-230 and recently inherited $31,000.00 from his aunt's estate. Plaintiff, however, asserts that he cannot afford to pay the filing fee because he has $200,000.00 of law school debt and lives with his ex-girlfriend who depends on him to pay the electricity, gas, and DIRECTV bills. The magistrate judge found that plaintiff is capable of paying the filing fees and denied plaintiff's motion to proceed *in forma pauperis*.

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

Plaintiff objects to the magistrate judge's recommendation. Plaintiff states that he consistently earns lower than the poverty threshold, that his Mercedes Benz has been appraised by Kelley Blue Book at approximately $1,500, and that he has spent the bulk of his inheritance, which he received over a year ago. (Doc. # 4).

The court agrees with the magistrate judge that plaintiff has the ability to pay the filing fee. Accordingly, the court will adopt the magistrate judge's recommendation to deny plaintiff's motion to proceed *in forma pauperis*.

### B. Plaintiff's motion for preliminary injunction (doc. # 5)

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

Plaintiff's motion for preliminary injunction is two hand-written paragraphs. (Doc. # 5). Plaintiff asserts that he seeks a preliminary injunction to "have the court mandate that all four defendants assist the plaintiff with regards to curing the Hepatitis C virus (HCV) by helping him find a hepatologist and/or gastroenterologist to administer a consecutive six-month treatment of interferon and ribavirin." (Doc. # 5).

Plaintiff's motion for preliminary injunction does not address a single *Winter* factor for any of his numerous claims. Accordingly, plaintiff does not make any showing, let alone a clear showing, that he is entitled to injunctive relief. Plaintiff's motion for preliminary injunction will be denied.

### C. Plaintiff's motion for summary judgment (doc. #7)

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to

a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the

pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

Plaintiff's motion for summary judgment is two hand-written paragraphs. Plaintiff's sole assertion is that there is "no 'genuine issue of material fact' with regards to whether or not all four of the defendants owed a duty to the plaintiff to help him" cure his hepatitis C by "treating him with interferon and ribavirin for a period of six consecutive months." (Doc. # 7). Based on only this statement and no supporting evidence or documents, plaintiff asserts that summary judgment is appropriate.

Plaintiff does not address or discuss a single element necessary to meet the prima facie case for any of the eight claims he asserts in his complaint. The court does not feel it necessary to painstakingly outline the elements to establish each prima facie case for plaintiff's eight causes of action.[1]

Plaintiff has failed to meet the standard for the court to grant him summary judgment. Plaintiff submits no evidence to support his claim that "all four defendants owed [him] a duty" to help him cure his hepatitis C. (Doc. # 1). Accordingly, plaintiff's motion for summary judgment with respect to all causes of actions will be denied.

. . .

. . .

---

[1] Plaintiff asserts violations under the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, Affordable Care Act ("ACA"), Health Insurance Portability and Accountability Act ("HIPAA") as well as state law claims for negligence, material breach of contract, and intentional infliction of emotional distress. (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

- 6 -

    *D. Plaintiff's motion for declaratory judgment (doc. # 6)*

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a).  Under the Declaratory Judgment Act, district courts have "substantial discretion" to decline to exercise jurisdiction over an action for declaratory relief.  *Wilton* v. *Seven Falls Co.,* 515 U.S. 277, 286 (1995).

As an initial matter, declaratory relief is a remedy and not a separate cause of action.  *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 WL 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent injunction because those remedies may only "be afforded to a party after he has sufficiently established and proven his claims"); *see also Stock West, Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d. 1221, 1225 (9th Cir. 1989) (holding that declaratory judgment does not create substantive cause of action).

Plaintiff's motion for declaratory judgment is also two hand-written paragraphs.  (Doc. # 6).  Plaintiff asks the court for a declaratory judgment that all four defendants owed him a duty to assist him with finding a hepatologist and/or gastroenterologist to administer the appropriate treatment to cure his hepatitis C.  (Doc. # 6).  Because plaintiff's motion for summary judgment is denied, plaintiff's motion for declaratory judgment is also denied.

    *E. Plaintiff's motion for default judgment (doc. # 8)*

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  Fed. R. Civ. P. 55(a).  Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."  Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party."  *See Teller v. Dogge*, 2:12-cv-591-

**James C. Mahan**
**U.S. District Judge**

- 7 -

JCM-GWF, 2014 WL 4929413, *1 (D. Nev. September 30, 2014) (citing *UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)).  Where a party has not been properly served, there is no basis for a court to enter default judgment. *Id.* (citing *Fairly v. Potter*, 2003 WL 403361, *4 (N.D. Cal. 2003)).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980).  In the determination of whether to grant a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.*  In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The clerk has not entered default in this case.  Accordingly, plaintiff has not met the first two steps necessary for obtaining a default judgment.  Accordingly, plaintiff's motion for default judgment will be denied.

F.  *Plaintiff's motion in limine (doc. # 11)*

Plaintiff's motion in limine is two hand-written paragraphs. (Doc. # 11). Plaintiff moves to have certain medical documents from plaintiff's gastroenterologist entered into evidence. Plaintiff seeks to enter these medical documents into evidence to show that he is suffering from hepatitis C and is showing signs of steatosis of the liver. (Doc. # 11). Plaintiff has included the proposed exhibits in a sealed docket entry. (Doc. # 12). Plaintiff asserts that these documents should be entered into evidence as an exception to the hearsay rule as a "statement of then-existing physical condition." (Doc. # 11).

The court declines to rule on this issue in a motion in limine.  The parties may address this issue at trial, should the case progress to that point.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Ferenbach's report and recommendation (doc. # 3) be, and the same hereby are, ADOPTED. Plaintiff's motion to proceed *in forma pauperis* (doc. # 2) is DENIED.

IT IS FURTHER ORDERED that plaintiff must submit the filing fee to the Clerk's Office by **Friday, February 13, 2015,** or this matter will be DISMISSED.

IT IS FURTHER ORDERED that plaintiff's motions for preliminary injunction (doc. #5), for declaratory judgment (doc. # 6), for summary judgment (doc. # 7), for default judgment (doc. # 8), and motion in limine (doc. # 11) be, and the same hereby are, DENIED.

DATED January 28, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**