UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>NATIONAL INSTITUTES OF HEALTH,<br>et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-1502 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Ronald Satish Emrit's motion to reopen his case. (Doc. # 19). Also before the court is plaintiff's motion to vacate order dismissing the case. (Doc. # 20). Defendants have not responded to either motion.

**I.   Discussion**

Plaintiff, a graduate of St. Thomas University School of Law, was diagnosed with hepatitis C in 2004. (Doc. # 1). The diagnosing doctor informed plaintiff that his hepatitis C could be cured with a six-month treatment of interferon and ribavirin. (Doc. # 1). From 2004 through present day, plaintiff has "consistently asked [defendants] to help him with regards to getting this six-month treatment." (Doc. # 1). Defendants did not. (*Id.*). On September 15, 2014, plaintiff initiated the now-closed civil action seeking $40,000,000. (*Id.*).

Plaintiff's complaint repeated nearly verbatim the same one paragraph. (Doc. # 1). Plaintiff stated essentially that, because defendants failed to refer him to a gastroenterologist, hepatologist, and/or health management organization, the defendants have placed the plaintiff at a "higher risk of dying young from Hepatitis C, cirrhosis, liver cancer, and/or liver failure." (Doc. # 1).

**James C. Mahan**
**U.S. District Judge**

Because defendants failed to assist plaintiff with getting treatment for his hepatitis C, plaintiff asserted defendants violated the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Affordable Care Act ("ACA"), and the Health Insurance Portability and Accountability Act ("HIPAA"). (Doc. # 1). Plaintiff further asserted that defendants violated state causes of action of negligence, material breach of contract, and intentional infliction of emotional distress. (Doc. # 1).

On January 28, 2015, this court adopted the recommendation of Magistrate Judge Ferenbach and denied plaintiff's motion for leave to proceed in forma pauperis. (Doc. # 16). Plaintiff was ordered to pay the filing fee by February 13, 2015, or the court would dismiss plaintiff's case. (Doc. # 16). In the same order, the court denied plaintiff's numerous, meritless motions including motions for preliminary injunction (doc. # 5), declaratory judgment (doc. # 6), summary judgment (doc. # 7), default judgment (doc. # 8), and *in limine* (doc. # 11).

The instant motions request the court to "reopen" his case and vacate the order dismissing his case. (*See* docs. ## 19, 20). However, plaintiff's complaint has not been dismissed and his case not closed. The court has allowed plaintiff more than one-month beyond its ordered deadline to pay the filing fee. Plaintiff has still failed to pay the filing fee.

Instead of paying the filing fee and complying with court orders, plaintiff continues to file frivolous and incoherent "motions" that amount to little more than a few handwritten paragraphs (which plaintiff reuses and refiles over and over) citing to no relevant legal authority, just as he has done across the country in other courts. The court will deny plaintiff's pending motions to reopen and to vacate order dismissing the case. Further, the court will dismiss Emrit's claims for failure to pay the filing fee, which was due on February 13, 2015, and has still not been paid.

**II.     Sanctions**

Federal courts can "regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1060-62 (9th Cir. 2014) (quoting *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir.1990) (quotation marks omitted)). Pursuant to the All Writs Act, 28 U.S.C. §

**James C. Mahan**
**U.S. District Judge**

- 2 -

1651(a), "enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction" that courts may impose. *Id.*

Restricting access to the courts is a serious matter. "[T]he right of access to the courts is a fundamental right protected by the Constitution." *Id.* (quoting *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998)). The First Amendment "right of the people . . . to petition the Government for a redress of grievances," which secures the right to access the courts, has been termed "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB,* 536 U.S. 516, 524–25 (2002) (internal quotation marks omitted, alteration in original); *see also Christopher v. Harbury,* 536 U.S. 403, 415 n.12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).

When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147-48).

Though the court declines to impose sanctions against Emrit at this time, the court does note that Emrit has been declared a vexatious litigant by two other districts. For example, on February 18, 2015, United States District Judge Sam Sparks entered in the Western District of Texas, case number 1:14-cv-00392-SS, an order barring plaintiff Emrit from filing any additional lawsuits in the Western District of Texas without first obtaining leave from a federal district judge in the Western District of Texas, Austin Division, or a judge of the United States Court of Appeals for the Fifth Circuit. (Doc. # 17).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  According to Judge Sparks, within the last three years, Emrit has filed "at least fifty federal
2  lawsuits across the country alleging a litany of frivolous claims against various defendants." (*See*
3  doc. # 17) (quoting *Emrit v. S. by Sw. Conference (SXSW)*, No. A-i 4-C V-93 6-LY, 2014 WL
4  5524219, at *4 (W.D. Tex. Oct. 31, 2014) (slip op.)).

5  In 2014, Emrit filed six cases in this district alone. *See Emrit v. National Institutes of
6  Health, et al.*, case no. 2:14-cv-01502-JCM-VCF (filed September 15, 2014); *Emrit v. Federal
7  Election Commission, et al.*, case no. 2:14-cv-01517-APG-PAL (filed September 17, 2014);
8  *Emrit, et al, v. Sandoval, et al.*, case no. 2:14-cv-01759-APG-NJK (filed October 14, 2014); [1]
9  *Emrit, et al. v. Social Security Administration (SSA)*, case no. 2:14-cv-01769-GMN-PAL (filed
10 October 16, 2014); [2] *Emrit, et al. v. United States Postal Service (USPS), et al.*, case no. 3:14-cv-
11 00534-RCJ-WGC (filed October 16, 2014; closed January 2, 2015); *Emrit et al v. Centers for
12 Medicare and Medicaid Services (CMS)*, case no. 2:14-cv-01761-GMN-PAL (filed October 20,
13 2014).[3]

14 Emrit has already filed yet another case in 2015. *See Emrit v. Winter Music Conference,
15 et al.*, case no. 2:15-cv-00164-RCJ-PAL (filed January 28, 2015).

16 Emrit has been repeatedly warned against filing meritless and frivolous claims other courts.
17 As is demonstrated by his national filing history, Emrit abuses the *in forma pauperis* process and
18 clogs the federal district courts with meritless litigation. Further, Emrit has filed inappropriate
19 interlocutory appeals of numerous non-final judgments in this district to the Ninth Circuit,
20 clogging the Ninth Circuit with meritless litigation.

---

[1] The clerk of court opened this case based on an order transferring *Emrit, et al. v. Sandoval, et al.*, case no. 3:14-cv-00526-RCJ-VPC, from the unofficial northern district of the court to the unofficial southern district.

[2] The clerk of court opened this case based on an order transferring *Emrit, et al. v. Social Security Administration (SSA)*, case no. 3:14-cv-00535-RCJ-VPC, from the unofficial northern district of the court to the unofficial southern district.

[3] The clerk of court opened this case based on an order transferring *Emrit et al v. Centers for Medicare and Medicaid Services (CMS)*, case no. 3:14-cv-00540-MMD-VPC, from the unofficial northern district of the court to the unofficial southern district.

**James C. Mahan**
**U.S. District Judge**

For example, Emrit filed a two sentence appeal with the Ninth Circuit on January 16, 2015. (Doc. # 13). Emrit's appeal argued in its entirety:

> COMES NOW, the plaintiff Ronald Satish Emrit, who is filing this notice of appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure (F.R.A.P).
>
> WHEREFORE, the plaintiff is filing this notice of appeal on the basis that it is 'clearly erroneous' and an 'abuse of discretion' for the court to take a long time to rule on the summary judgment motion and/or serve process on the defendants in a timely manner.

(Doc. # 13). The Ninth Circuit dismissed Emrit's appeal for lack of jurisdiction. (Doc. # 18). Because this court had not issued any orders that were final or appealable, Emrit's appeal was improper. The court further notes that Emrit filed the same exact appeal in another District of Nevada case, which the Ninth Circuit dismissed for the same reason. *See Emrit v. Federal Election Commission, et al.*, case no. 2:14-cv-01517-APG-PAL.

The Southern District of New York and the Western District of Texas have both barred Emrit from filing any further actions without permission from a judge of that district. The Western District of Texas found it appropriate to send a copy of its order to all of the districts in which Emrit had previously filed suit other than the Southern District of New York.

This court uses this as a warning to Emrit that he is quickly approaching, if not already entering, vexatious litigant territory in the District of Nevada.

**III.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motions to reopen his case (doc. #19) and to vacate order dismissing the case (doc. # 20) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. # 1) be DISMISSED. The clerk of court is ordered to close the case.

DATED March 30, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -